# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEIFUDDIN MU'MIN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-0718** |
| | : | |
| **GEORGE MORSE,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**PRATTER, J.**                                                                                                          **FEBRUARY 28, 2019**

      *Pro se* Plaintiff Seifuddin Mu'min has filed this civil action against George Morse, Sheriff Jewell Williams, Inoa Paulino, and attorney Richard J. Ahearne. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Mr. Mu'min leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.    FACTS

      In his Complaint, Mr. Mu'min alleges that his "private property is under attack by Philadelphia sheriff's office agents." (Compl. at 5.)[1] He claims that he has "sen[t] Jewell Williams [his] UCC1 filing along with recorded deed from 2012 for [his] private property." (*Id.*) Mr. Mu'min asserts that George Morse, a deputy sheriff for Philadelphia, has "posted on [his] private property threats in the form of notices of removal from [his] indigenous domicile." (*Id.*) Mr. Mu'min asserts that he is invoking this Court's diversity jurisdiction to bring this suit. (*Id.* at 4.) Mr. Mu'min indicates that his state of citizenship is "American indigenous" and that the Defendants' state of citizenship is "U.S. 14th Amendment." (*Id.* at 5.) As relief, he asks that the

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

Court "put an end to the threats, duress, intimidation of [his] indigenous rights to [his] private property." (*Id.* at 6.) He also seeks $2 million in "lawful U.S. money" per violation "against [his] indigenous private property." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mr. Mu'min leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss a Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Mu'min is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the

issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

**III.    DISCUSSION**

In the section of the form complaint that asks Mr. Mu'min to describe the basis for his claims, he has checked "diversity of citizenship," but then notes that the Defendants' state of citizenship is "U.S. 14th Amendment." (Compl. at 4-5.) Thus, it appears that Mr. Mu'min may be raising constitutional claims pursuant to 42 U.S.C. § 1983. However, Mr. Mu'min has failed to set forth a plausible claim for relief under § 1983, given that the Complaint, as pled, is vague and fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. First, Mr. Mu'min fails to mention Inoa Paulino and Richard J. Ahearn in the body of his Complaint, therefore making it unclear as to why he believes these Defendants are liable to him. It is not enough for Mr. Mu'min to allege a constitutional violation. Rather, he must tell the Court what happened, who did what, and why he believes his rights were violated.[2] Furthermore, if Mr. Mu'min is alleging that the Defendants violated his rights by not accepting his UCC filing, such a claim is frivolous. *See, e.g.*, *United States v. Weldon*, No. 1:08-cv-01643-LJO-SMS, 2010 WL 1797529, at *2-3 (E.D. Cal. May 4, 2010).

To the extent that Mr. Mu'min is asserting tort claims under state law against the Defendants, the only basis for the Court to exercise subject matter jurisdiction over such claims is pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

---

[2] At this time, the Court also cannot discern whether Defendants Paulino and Ahearn could be considered state actors subject to liability under § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

costs, and is between . . . citizens of different States." While Mr. Mu'min requests well over $75,000.00 in damages, his Complaint fails to establish that the parties are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Here, Mr. Mu'min has provided Pennsylvania addresses for himself as well as all the Defendants. Thus, Mr. Mu'min has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims that he may be raising. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Mu'min leave to proceed *in forma pauperis* and dismiss his Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice if Mr. Mu'min files an amended complaint within thirty (30) days if that cures the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

**BY THE COURT:**

**/s/ Gene E.K. Pratter**
**GENE E.K. PRATTER, J.**