# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEIFUDDIN MU'MIN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 19-CV-0718** |
| | : | |
| **GEORGE MORSE,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**PRATTER, J.**                                                                                                                                                        **April 3, 2019**

    *Pro se* Plaintiff Seifuddin Mu'min has filed an Amended Complaint in this civil action following the issuance of the Court's Memorandum and Order of February 28, 2019, dismissing his original Complaint without prejudice. (*See* ECF Nos. 5, 6.) He has again named as Defendants the City of Philadelphia, Sheriff Jewell Williams, Deputy Sheriff George Morse, Inoa Paulino, LLC, and Richard J. Ahearne. For the following reasons, the Court will dismiss the Amended Complaint with prejudice as to Defendants City, Sheriff Williams, Inoa Paulino, LLC, and Mr. Ahearne; the Amended Complaint will be dismissed without prejudice and with leave to file another amended complaint as to Defendant Morse.

## I.    FACTS

    Mr. Mu'min alleges in the current Amended Complaint that he presented a tax payment on his property "by both cash and via United States Treasury (HJR 192) to the City of Philadelphia" (that he presented Sheriff Williams a "26 page private formal notarized registered Statute Staple Security Instrument Legal Notice and Demand", that his property has been sold at a Sheriff's Sale to Inoa Paulino, LLC, that agents of Inoa Paulino, LLC, accompanied by Deputy Sheriff Morse, broke down his door and ordered him to leave, and that Mr. Aherne is the

attorney for Inoa Paulino, LLC. He alleges that these events caused him mental stress, and he demands the return of his property along with money damages.

## II. STANDARD OF REVIEW

The Court previously granted Mr. Mu'min leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the amended complaint if it fails to state a claim. The determination of whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Mu'min is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The form accompanying Mr. Mu'min's initial pleading asked Mr. Mu'min to describe the basis for his claims. He checked "diversity of citizenship." The Court granted Mr. Mu'min leave to file an amended complaint because it appeared that he may have been attempting to raise constitutional claims pursuant to 42 U.S.C. § 1983. For the Amended Complaint, he checked the box labeled "federal question" and stated as the basis of his claim "Right to discharge debt per HJR 192." Nothing in the Amended Complaint states a plausible federal question claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent there is logical meaning to the phrase "Right to discharge debt per HJR 192," "[c]omplaints seeking to invalidate loans based on HJR-192 have been universally rejected by every federal court that has been presented with this theory." *Estes v. Toyota Fin. Serv.*, Civ. A. No. 14-1300, 2015 WL 222137, at *5 (E.D.N.Y. Jan. 13, 2015) (collecting cases). Accordingly, the assertion Mr. Mu'min makes against the City of Philadelphia, to the extent that his claim may be read to assert that the City violated his civil rights when it refused his payment, fails to state a plausible claim for relief. The claim against the City will be dismissed with prejudice.

Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

There is no plausible allegation (or interpretation of the allegations) that Inoa Paulino, LLC and Aherne are state actors. Purchasing a property at a Sheriff's sale, representing such a purchaser as privately retained legal counsel, and taking actions to evict an occupant of a property so purchased, do not convert private individuals into "state actors." *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that bank using non-judicial

3

foreclosure procedure provided by state law was not state actor for purposes of Section 1983); *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action"). Accordingly, the Amended Complaint will be dismissed with prejudice as to Inoa Paulino, LLC and Mr. Aherne.

The allegations against Sheriff Williams and Deputy Sheriff Morse sufficiently plead they are state actors. However, the assertion concerning Sheriff Williams — that Mr. Mu'min sent him a "26 page private formal notarized registered Statute Staple Security Instrument Legal Notice and Demand" — fails to state a claim for relief that is plausible on its face. The allegation that Mr. Mu'min's property has been sold at a Sheriff's sale fails to allege any personal involvement by either the Sheriff or Deputy Sheriff. There is also no allegation sufficient to state a plausible claim based on Sheriff Williams's role as a supervisor. A supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), reversed on other grounds by Taylor v. Barkes, 135 S. Ct. 2042 (2015) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). Also, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. The allegation that a Sheriff's sale occurred does not meet either test. Accordingly, the Amended Complaint will be dismissed with prejudice as to Sheriff Williams.

The allegation that Deputy Sheriff Morse posted notices on Mr. Mu'min's property and accompanied a representative of Inoa Paulino, LLC sufficiently alleges the deputy's involvement. The Amended Complaint, as pled, however, fails to "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian*, 2017 WL 3494219, at *3. While the Court does not see a basis for a plausible civil rights claim based on the content of the Amended Complaint at this time or in this version, it may be possible for Mr. Mu'min to state a plausible claim. Accordingly, the Amended Complaint will be dismissed without prejudice against Deputy Sheriff Morse, and Mr. Mu'min will be granted one more opportunity to file an amended complaint limited to his claim against Deputy Sheriff Morse. Mr. Mu'min is again reminded that he must tell the Court what happened, who did what, and why he believes his civil rights were violated by Deputy Sheriff Morse.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Mu'min's Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be with prejudice as to the City of Philadelphia, Sheriff Jewell Williams, Inoa Paulino, LLC, and Richard J. Aherne. This dismissal will be without prejudice to Mr. tMu'min's right to file an amended complaint within thirty (30) days of the date of this ruling if he can cure the defects noted above as to Deputy Sheriff George Morse. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.

**BY THE COURT:**

**s/Gene E. K. Pratter**
**GENE E.K. PRATTER, J.**