IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEIFUDDIN MU'MIN, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEORGE MORSE et al., | : | No. 19-718 |
| Defendants | : | |

## MEMORANDUM

PRATTER, J.                                                     JUNE ___, 2020

Seifuddin Mu'min claims that Deputy Sheriff George Morse violated his constitutional rights by participating in the court-ordered sale of Mr. Mu'min's property. Deputy Sheriff Morse moves to dismiss the complaint with prejudice.

For the reasons that follow, the Court grants the motion to dismiss.

### BACKGROUND AND PROCEDURAL HISTORY

Mr. Mu'min initiated this action on the basis of "diversity of citizenship," according to the form accompanying his original complaint. Mr. Mu'min's complaint, however, failed to establish that the parties were citizens of different states. Because it appeared that Mr. Mu'min may have been attempting raise constitutional claims pursuant to 42 U.S.C. § 1983, the Court dismissed his complaint but granted him leave to amend.

Mr. Mu'min filed an amended complaint, this time selecting "federal question" and stating "Right to discharge debt per HJR 192" as the basis for his claim. Analyzing the amended complaint under the framework of § 1983, the Court dismissed Mr. Mu'min's claims with prejudice as to all defendants except for Deputy Sheriff Morse. As to Deputy Sheriff Morse, the Court found that Mr. Mu'min had sufficiently alleged personal involvement but failed to provide enough information to put Deputy Sheriff Morse on notice of how he had allegedly violated Mr.

1

Mu'min's civil rights. Although the Court did not see a basis for a plausible civil rights claim based on the content of the amended complaint, it granted Mr. Mu'min "one more opportunity" to file an amended complaint limited to his claim against Deputy Sheriff Morse. Apr. 3, 2019 Mem. 5. The Court reminded Mr. Mu'min that if he filed a second amended complaint, "he must tell the Court what happened, who did what, and why he believes his civil rights were violated by Deputy Sheriff Morse." *Id.*

Mr. Mu'min filed a second amended complaint. On the accompanying form, he listed the basis for the Court's federal question jurisdiction as "My God-given rights." In support of his claim, he alleges that his property at 1224 W. Luzerne St. in Philadelphia was sold in violation of his rights even though he has a UCC-1 on file listing the property as collateral. His allegations include one sentence as to Deputy Sheriff Morse: "Deputy Sheriff George Morse violated my God-given rights by breaking the door, changing the locks, stealing my private property and giving it to a person who bought the house on fraudulent documents, not signed by a judge." Second Am. Compl. 3.

## LEGAL STANDARD

At the outset, the Court notes that Mr. Mu'min's *pro se* pleading should be "liberally construed." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Bieros v. Nicola,* 839 F. Supp. 332, 334 (E.D. Pa. 1993). To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and internal quotation marks omitted).

2

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court may consider "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). "Court dockets may be considered on a motion to dismiss because they are matters of public record." *Gov't Emps. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 167 n.12 (E.D. Pa. 2017) (citation omitted). Also, the Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

That admonition does not demand that the Court ignore or discount reality, even given the indulgent nature of the Court's review of *pro se* pleadings. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions") (citations omitted).

## DISCUSSION

Deputy Sheriff Morse moves to dismiss the second amended complaint with prejudice, arguing that Mr. Mu'min's claim is barred by the applicable statute of limitations, the *Rooker-Feldman* doctrine, and quasi-judicial immunity. Because it is apparent from the face of the complaint and matters of public record that Mr. Mu'min's complaint is barred by the applicable statute of limitations, the Court grants the motion to dismiss.

3

"The running of the statute of limitations is an affirmative defense." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citations omitted). Therefore, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Id.* (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In determining whether claims should be "dismissed on statute of limitations grounds," a court may also consult those documents "properly considered at the motion to dismiss stage." *Schmidt*, 770 F.3d at 250.

§ 1983 does not have a statute of limitations of its own. *See* 42 U.S.C. § 1983. "Rather, it borrows the underlying state's statute of limitations for personal-injury torts." *Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Here, the facts alleged occurred in Pennsylvania, where the statute of limitations for personal-injury torts is two years. *Id.* (citing 42 PA. CONS. STAT. § 5524(1), (7)).

"Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). All of Mr. Mu'min's alleged injuries relate to the sale of his property located at 1224 W. Luzerne St. in Philadelphia. The public court docket of the underlying sheriff's sale and right to redemption action, which the Court may properly consider at the motion to dismiss stage, shows that upon order from Judge Linda Carpenter of the Philadelphia County Court of Common Pleas, Mr. Mu'min's property was sold at a sheriff's sale on July 21, 2016. *See* Mot. to Dismiss Ex. A. Mr. Mu'min then filed a motion to redeem premises on November 3, 2016. *Id.* From these public records, the Court can conclude that Mr. Mu'min was aware on November 3, 2016, if not sooner, of his alleged injuries related to the sale of his property.

4

Therefore, at the latest, Mr. Mu'min's cause of action accrued on November 3, 2016, and the two-year statute of limitations began to run. Mr. Mu'min needed to file his claims by November 3, 2018, but he did not file his original complaint until February 21, 2019. Accordingly, Mr. Mu'min's claims are untimely and barred by the statute of limitations.

Although the Court did not see a basis for a plausible civil rights claim based on the content of the amended complaint, it granted Mr. Mu'min "one more opportunity" to file an amended complaint limited to his claim against Deputy Sheriff Morse. Apr. 3, 2019 Mem. 5. The Court reminded Mr. Mu'min that if he filed a second amended complaint, "he must tell the Court what happened, who did what, and why he believes his civil rights were violated by Deputy Sheriff Morse." *Id.*

The Court has given Mr. Mu'min three opportunities to state his claim against Deputy Sheriff Morse. In dismissing Mr. Mu'min's first amended complaint, the Court informed Mr. Mu'min that he would be granted only "*one more* opportunity" to "tell the Court what happened, who did what, and why he believes his civil rights were violated by Deputy Sheriff Morse." Apr. 3, 2019 Mem. 5 (emphasis added). His claim has failed for a third time. Therefore, the Court dismisses Mr. Mu'min's second amended complaint with prejudice.

CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss. An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

5